IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS LAFLER,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>ASPERMONT SMALL BUSINESS<br>DEVELOPMENT CENTER, INC. D/B/A<br>DOUBLE MOUNTAIN COACH<br><br>*Defendant* | § § § § § § § § § § § § § § | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S ORIGINAL COLLECTIVE COMPLAINT**

Plaintiff Chris Lafler brings this action individually and on behalf of all current and former drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Aspermont Small Business Development Center, Inc. d/b/a Double Mountain Coach (hereinafter "Defendant" or "Double Mountain"), at any time during the past three years, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**I.
OVERVIEW**

1.1  This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2  Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Double Mountain who worked as drivers and were responsible for transporting individuals throughout the State of Texas.

1.3   Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty hours per workweek.

1.4   Double Mountain has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty hours each workweek on a routine and regular basis in the last three years.

1.5   Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.6   Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.7   Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1   Plaintiff Chris Lafler ("Lafler") was employed by Double Mountain within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Lafler did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2   The Putative Class Members are those current and former drivers who were employed by Double Mountain in the past three years and have been subjected to the same illegal pay system under which Plaintiff Lafler worked and was paid.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Chris Lafler is hereby attached as Exhibit "A."

2.3     Defendant Aspermont Small Business Development Center, Inc. d/b/a Double Mountain Coach (hereinafter "Double Mountain") is a Texas for-profit corporation and can be served with process through its registered agent, **Lisa J. Flowers, 9660 U.S. Highway 83 South, Aspermont, Texas 79502.**

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Double Mountain because it conducts business within this District and Division.

3.3     Venue is proper in the Northern District of Texas because Double Mountain maintains a working presence throughout this District and Division and Plaintiff Lafler worked for Double Mountain in this District and Division.

3.4     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.
### FLSA COVERAGE

4.1     At all times hereinafter mentioned, Double Mountain has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, Double Mountain has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise

has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

    4.3    Specifically, Plaintiff and the Putative Class Members handle goods and materials that have been moved in commerce on a daily basis, such as their vehicles, their cellphones that they use to communicate with Double Mountain and its customers, and the paperwork that they are required to fill out and turn in daily.

    4.4    Further, during the respective periods of Plaintiff and the Putative Class Members' employment by Double Mountain, these individuals provided services for Double Mountain that involved interstate commerce, such as the transportation of people on a daily basis.

    4.5    In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

    4.6    Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt employees of Double Mountain who were engaged in transportation services throughout the State of Texas. 29 U.S.C. § 203(j).

    4.7    At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

    4.8    The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former drivers employed by Double Mountain Coach, Inc. and/or Double Mountain Services at any time in the last three years."

    4.9    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Double Mountain.

# V.
# FACTS

5.1    Double Mountain provides transportation for residents of Stonewall, Kent, Fisher, Knox, Jones, Haskell and Throckmorton counties in the State of Texas.[3]

5.2    Upon information and belief, Double Mountain Coach is a rural public transit service operated by Aspermont Small Business Development Center, Inc., which is located in Aspermont, Texas.

5.3    Plaintiff and the Putative Class Members' job duties consisted of picking up and transporting individuals to doctor's appointments, restaurants and airports throughout North Texas and the Panhandle.

5.4    Plaintiff Lafler was employed by Double Mountain as a driver from approximately August 2012 until January 2017.

5.5    Plaintiff and the Putative Class Members were not compensated for all the hours they worked for Double Mountain as a result of Double Mountain's corporate policy and practice of automatically deducting one hour per day for a meal-period break.

5.6    Double Mountain made this deduction despite its actual knowledge that Plaintiff and the Putative Class Members did not actually take a meal-period break, and instead continued driving their respective routes for Double Mountain's benefit during the alleged meal break(s).

5.7    Further, Double Mountain required Plaintiff and the Putative Class Members to indicate on their daily route paperwork that they did in fact take a meal-period break.

5.8    Plaintiff and the Putative Class Members were not allowed to report that they worked through lunch in order to receive the compensation to which they were entitled, which would have

---

[3] http://www.doublemountainservices.com/double-mountain-coach.html.

been overtime compensation when Plaintiff and the Putative Class Members worked more than forty hours in that week.

5.9 As a result of Double Mountain's policy and practice of automatically deducting a one hour meal-period break, Plaintiff and the Putative Class Members were not compensated for all hours worked in excess of forty in a workweek at the rates required by the FLSA.

5.10 Double Mountain has employed, and currently employs, other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

5.11 Double Mountain was (and is) aware of its obligation to pay overtime for all hours worked in excess of forty each week to Plaintiff and the Putative Class Members but failed to do so.

5.12 Double Mountain knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Putative Class Members.

5.13 Accordingly, Double Mountain's pay policies and practices violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

**A. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

6.1 Double Mountain violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Double Mountain knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to timely pay Plaintiff and other similarly situated employees overtime compensation for all of the overtime hours they worked. 29 U.S.C. § 255(a).

6.3     Double Mountain knew or should have known its pay practices were in violation of the FLSA.

6.4     Double Mountain is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Double Mountain to pay them according to the law.

6.6     The decisions and practices by Double Mountain to not timely pay overtime and to not pay for all hours worked was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to be paid their hourly rate for all straight time hours up to forty (40) hours, and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Double Mountain's employees who are (or were) similarly situated to Plaintiff with regard to the work they have performed and the manner in which they have not been paid.

6.9     Other similarly situated employees of Double Mountain have been victimized by Double Mountain's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are identified as "all current and former drivers who were employed by Aspermont Small Business Development Center, Inc. d/b/a Double Mountain Coach, at any time in the last three years."

6.11    Double Mountain's failure to pay Plaintiff and the Putative Class Members for all of their hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Double Mountain, and does not depend on the personal circumstances of Plaintiff and the Putative Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.16    Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WERE EMPLOYED BY ASPERMONT SMALL BUSINESS DEVELOPMENT CENTER INC. D/B/A DOUBLE MOUNTAIN COACH, AT ANY TIME IN THE LAST THREE YEARS**

## VII.
## RELIEF SOUGHT

7.1    Plaintiff respectfully prays for judgment against Double Mountain as follows:

   a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Double Mountain to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

   b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

   d. For an Order pursuant to Section 16(b) of the FLSA finding Double Mountain liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

   e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

   g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   h. For an Order awarding Plaintiff a service award as permitted by law;

   i. For an Order compelling the accounting of the books and records of Double Mountain; and

   j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 16, 2017          Respectfully submitted,

                                        **ANDERSON2X, PLLC**

By:    */s/ Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***